THE STATE OF FLORIDA, *ex rel.* MARY E. PERRY, *Relator* v. MALLORY F. HORNE, Circuit Judge, *Respondent*.

Opinion Filed October 12, 1923.

Under Section 3346, Revised General Statutes of 1920, the Judge of the Circuit Court has jurisdiction in probate matters in cases in which the County Judge of the county is disqualified.

A case of original jurisdiction.

Peremptory Writ may issue.

J. B. HODGES, R. T. BOOZER AND W. H. BOOZER, for Relator;

No appearance for Respondent.

WHITFIELD, J.—This mandamus proceeding is brought to determine whether a Circuit Judge has jurisdiction to act in lieu of a disqualified County Judge in requiring executors of the wills of deceased persons to perform their duties as such executors. In this case the Circuit Judge declined to act in lieu of a disqualified County Judge in his Circuit, on the ground that the Circuit Judge "had no jurisdiction of said matter on account of the reason that Section 3346, Revised General Statutes of Florida, 1920, is unconstitutional, and in contravention of Sections 11 and 17, of Article 5 of the Constitution of the State of Florida."

The constitutional provisions are as follows:

"The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving

the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court, or before the County Judge, of all misdemeanors tried in Criminal Courts, of judgments or sentences of any Mayor's Court, and of all cases arising before Justices of the Peace in counties in which there is no County Court; and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the legislature may provide. The Circuit Courts and Judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction." Sec. 11, Art. V.

"The County Judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the legislature may prescribe. The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. He shall have the power of a committing magistrate and shall issue all licenses required by law to be issued in the county." Sec. 17, Art V.

The statute is as follows:

"The Judge of the Circuit Court, in case of the disqualification, absence, sickness or other disability of a County Judge, is authorized to discharge all the duties appertaining to said judge in regard to the probate of wills, granting letters testamentary and letters of administration, appointing curators and guardians, and making all necessary orders in regard to the custody, preservation or sale of the estate of deceased persons." Sec. 3346, Rev. Gen. Stats. 1920.

This statute was enacted in 1848, long prior to the constitutions of 1868 and 1885.

Section 17, Art. V of the Constitution, does not give to the county judge *exclusive* jurisdiction "of the settlement of the estates of decedents," &c., and Section 11, Art. V, gives to the Circuit Courts stated elements of jurisdiction and also jurisdiction "of such other matters as the legislature may provide." This is ample authority for the quoted statute; and it is not affected by the provision of section 11 that circuit courts shall have "supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction," &c. Section 5, Article V, provides that "the Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts," and probate matters follow the equity procedure.

If Section 2681, Revised General Statutes, and Chapter 8483 Acts of 1921, are applicable in cases of this nature, they do not affect the jurisdiction of the Circuit Judge under Section 3346 Revised General Statutes above quoted.

The Circuit Judge has jurisdiction in the premises, and a peremptory writ may issue herein. It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., Concur.